

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
LINDSEY MONTELONGO,          §
                             §
         Movant,             §
                             §
VS.                          §   NO. 4:15-CV-026-A
                             §   (NO. 4:12-CR-045-A)
UNITED STATES OF AMERICA,    §
                             §
         Respondent.         §
```

## MEMORANDUM OPINION
### and
### ORDER

Came on for decision the motion of Lindsey Montelongo ("movant" or "Lindsey") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:12-CR-045-A, styled "United States of America v. Arthur Ray Luna, et al.," the court has concluded that such motion should be denied.

I.

### Background

Information contained in the record of Case No. 4:12-CR-045-A discloses the following background that is potentially pertinent to the ground of movant's motion:

On March 6, 2012, a one-count indictment was filed charging movant, her husband, Jose Juan Montelongo ("Jose"), and three

1

other persons with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  The indictment charged that the defendants conspired to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  The statutory range of imprisonment for the charged offense was not less than five years and not more than forty years.

Vincent Eugene Wisely ("Wisely") was serving as movant's court-appointed attorney when the March 6, 2012 indictment was filed, and he continued to represent her through sentencing and on direct appeal.

On April 9, 2012, the government filed an information that superseded the March 6, 2012 indictment as to Lindsey only.  The information charged Lindsey with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  The alleged conspiracy was to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The statutory term of imprisonment for the charged offense was not more than twenty years.

On April 20, 2012, Lindsey appeared before the court with
the intent to waive the return of an indictment, to proceed on
the basis of the information filed by the United States Attorney
on April 9, 2012, and to enter a plea of guilty to the offense
charged by the information pursuant to a plea agreement that
contemplated that the charge against her in the March 6, 2012
indictment would be dismissed if the court were to accept the
plea agreement. When the court learned at the hearing that the
information did not charge Lindsey with her true offense conduct,
which could have been proved by the government, and that the
proposed reduction in her sentencing exposure contemplated by her
plea of guilty pursuant to the plea agreement was designed by the
government to take into account Lindsey's indication of a
willingness to testify against her co-defendants, including her
husband, the following exchange occurred between the court and
the prosecutor at the hearing:

    THE COURT:  Well, are you superseding an
indictment here?

    MR. SMITH:  Yes, Your Honor.

    THE COURT:  I was asking what was the charge in
the indictment.

    MR. SMITH:  On the indictment, she -- everybody
was charged with 846(b)(1)(B), a 5 to 40 count, and the
Government filed a superseding 846(b)(1)(C) on Ms.
Montelongo, a 0 to 20 count.

    THE COURT:  Does that reduce the quantity?

3

MR. SMITH:   It reduces the statutory maximum and minimum, and the drug amount, yes, Your Honor.   Yes.

THE COURT:   Okay.   And did the Government conclude there wasn't -- it couldn't prove the case that was alleged by the indictment?

MR. SMITH:   No.   No, that's not the case, Your Honor.   That's -- this is a -- this is in consideration of the defendant's agreement to cooperate against her -- against the co-defendants, if necessary, at the jury trial scheduled for April 30th.

THE COURT:   Okay.   Well, I'm not going to accept the plea agreement if it's on that basis because that normally would be dealt with on a 5K1.1 motion, so I'm not going to accept the plea agreement in this case.

Okay.   Now, where are we on the trial setting?

MR. SMITH:   Well, Your Honor, I mean, it's mainly -- I mean, the plea agreement calls for the defendants to give, if called upon, testimony at the jury trial.

THE COURT:   I'm not going to accept the plea agreement.

Tr. of April 20, 2012 Hr'g at 5-6 (Case No. 4:12-CR-045-A, Doc. 186).

On April 27, 2012, Lindsey appeared before the court when she entered a plea of guilty to the offense charged by the March 6, 2012 indictment without the benefit of a plea agreement. The presentence investigation report prepared in reference to Lindsey attributed to her for guideline calculation purposes at least 3,000 kilograms of marijuana equivalent, but less than 10,000 kilograms of marijuana, causing her to have a base offense

4

level of 34.  She was given an increase of two levels in her

offense level because she maintained a premises for the purpose

of distributing a controlled substance, a two-level decrease

pursuant to the authority of USSG § 2D1.1(b)(16), a two-level

increase based on the involvement of her children in her drug-

distribution activities, and a two-level increase based on

importation of the drugs,[1] resulting in a total offense level of

38.  Her criminal history category was 1, leading to a guideline

advisory range of imprisonment of 235 months to 293 months.  On

August 17, 2012, Lindsey was sentenced to a term of imprisonment

of 293 months.[2]  Her sentence was affirmed on appeal, and on

---

[1]The two-level increase because of importation of the drugs was first disclosed by an addendum to the presentence investigation report.

[2]On April 11, 2012, the grand jury returned a three-count superseding indictment that superseded the March 6, 2012 indictment as to Jose and a co-defendant, Jose Castillo ("Castillo"). Count One charged Jose and Castillo with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The conspiracy alleged was to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The statutory range of imprisonment related to the Count One offense was not less than ten years or more than life. The second count of the superseding indictment named only Castillo. The third count charged Jose with distributing and possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Again, the statutory imprisonment exposure related to the third count was not less than ten years or more than life. On April 30, 2012, Jose and Castillo went to trial before a jury on the offenses charged by the April 11, 2012 superseding indictment. On May 1, 2012, the jury returned a verdict finding Jose guilty of the offenses charged by the first and third counts of the indictment. Jose's sentencing was conducted on August 31, 2012. He received a sentence of life imprisonment as to each count of conviction, to run concurrently. By an opinion and judgment issued by the Fifth Circuit on September 11, 2013, the judgment of conviction and sentence of Jose was affirmed; and, on January 25, 2015, this court issued a judgment denying Jose relief he sought by a motion under 28 U.S.C. § 2255 he filed December 10, 2014.

January 13, 2014, the Supreme Court denied certioari.  <u>United States v. Montelongo</u>, 537 F. App'x 379 (5th Cir. 2013), <u>cert. denied</u>, 134 S.Ct. 946 (2014).

II.

<u>Grounds of the Motion</u>

Movant urged in the motion, which she filed January 12, 2015, two multiple-part ineffective-assistance-of-counsel claims, worded as follows:

> **GROUND ONE:**
> Ineffective Assistance of Pretrial Counsel
> (a) Supporting facts . . .:
> Pretrial counsel failed to:
> 1.   Conduct an adequate pretrial investigation;
> 2.   File any pretrial motions;
> 3.   Properly inform Movant of the circumstances and likely consequences of pleading guilty as opposed to proceeding to trial including informing her of the minimum and maximum sentence.
> 4.   Attempt to negotiate a favorable plea agreement.

Doc. 1 at 5.[3]

> **GROUND TWO:**
> Ineffective Assistance of Sentencing Counsel
> (a) Supporting facts . . .:
> Sentencing counsel failed to:
> 1.   Challenge the two (2) level upward level adjustment because the methamphetamine was allegedly imported from Mexico;
> 2.   Assert that Movant was eligible for the "Safety Valve" provision in accordance with USSG § 5C1.2;
> 3.   Object to the sentence as it was substantially unreasonable because the District Court failed to

---

[3]Unless otherwise indicated, the "Doc. __" references will be to the numbers assigned to the filed items on the clerk's docket in Case No. 4:15-CV-026-A.

adequately consider the nature and circumstances of the
offense and her history and background.

Id. at 6.

The motion was accompanied by a twenty-one-page supporting
memorandum in which movant elaborated on the bases for her
grounds for relief.

### III.

### Movant's Failure to Comply
### with the § 2255 Motion Requirements

Rule 2(b)(5) of the Rules Governing Section 2255 Cases in
the United States District Courts requires that a motion for
relief under § 2255 "must . . . be signed under penalty of
perjury by the movant or by a person authorized to sign it for
the movant." Neither movant's § 2255 motion nor her supporting
memorandum was signed under penalty of perjury by movant or
anybody authorized to act for her. The court has not found a
Fifth Circuit opinion that provides district courts guidance as
to the action they should take in response to a movant's failure
to comply with the requirement of Rule 2(b)(5). The Seventh and
Tenth Circuits have held that the better practice to be followed
by a district court faced with this situation would be to give
the movant an opportunity to file an amended motion that complies
with the Rule 2(b)(5) requirements. See United States v.

7

Guerrero, 488 F.3d 1313, 1316-17 (10th Cir. 2007); Kafo v. United States, 467 F.3d 1063, 1069-71 (7th Cir. 2006).

The court has concluded that a dismissal of movant's motion because of her failure to comply with Rule 2(b)(5) would be inappropriate because she would be barred from filing another motion by reason of untimeliness if the court pursued that course.  Nor is the court ordering movant to file an amended motion to correct her Rule 2(b)(5) deficiency because the court has concluded that doing so would be a useless act inasmuch as movant's motion is patently unmeritorious, with the consequence that to require movant to sign her motion under penalty of perjury and re-file it would be unproductive.  Therefore, the court is proceeding with an analysis of and ruling on the motion as if it had been properly verified by the declaration or affidavit of movant.

IV.

Analysis

A.    Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

8

Section 2255 does not offer recourse to all who suffer trial errors.   It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.   United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).   In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B.   Legal Standard for Ineffective Assistance of Counsel Claim

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); See also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."   Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).   "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so

9

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). In the plea context, the movant "must also demonstrate a reasonable probability the plea would have been entered without . . . the trial court refusing to accept it . . . ." Frye, 132 S.Ct. at 1409.

C.   Movant Has Failed to Meet the *Strickland* Ineffective-Assistance-of-Counsel Standard as to Any of Her Complaints

1.   Adequacy of Pretrial Investigation

Movant addresses her complaint that Wisely failed to conduct adequate pretrial investigation at pages 10-12 of her supporting memorandum.  Doc. 2 at 10-12.

For a movant to prevail on a failure-to-investigate complaint, she "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  Thread v. Stephens, 720 F.3d 231, 243 (5th Cir. 2013).  Moreover, ineffective-assistance-of-counsel complaints based on the failure to call witnesses are disfavored because decisions related to presentation of testimonial evidence are largely a matter of trial strategy, and any allegations as to what a witness would have stated are largely speculative.  Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009).  A complaint based on the failure to call a witness must (1) name the witness,

10

(2) demonstrate that the witness was available and would have testified, (3) set forth the content of the proposed testimony, and (4) demonstrate that the testimony would have been favorable to a particular defense.  Id.

Movant provides none of the required information in support of her complaint that Wisely failed to conduct adequate pretrial investigation.  Therefore, that feature of her motion is without merit.

   2.   The Complaint that Wisely Failed to File Any Pretrial Motions

This aspect of the motion is developed by movant at pages 12-13 of her supporting memorandum.  Doc. 2 at 12-13.

A movant must be specific regarding any allegation that her counsel did not engage in proper motion practice because "[t]he filing of pretrial motions falls squarely within the ambit of trial strategy" and "[c]ounsel is not required to engage in the filing of futile motions."  Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984)(citation omitted); see also United States v. Green, 882 F.2d 999, 1002-03 (5th Cir. 1989)(requiring specificity in the movant's allegations about what counsel should have done or how it could have changed the outcome of the case). Movant's failure-to-file-pretrial-motions ground lacks any specificity.  Consequently, it is without merit.

11

3.   The Complaint that Wisely Failed to Inform Movant Re
     Her Plea of Guilty as Opposed to Proceeding to Trial

Movant words her ineffective-assistance ground on the plea-
of-guilty versus going-to-trial subject that Wisely failed to
"[p]roperly inform Movant of the circumstances and likely
consequences of pleading guilty as opposed to proceeding to trial
including informing her of the minimum and maximum sentence."
Doc. 1 at 5.   Her more elaborate statement on that subject is at
pages 13-17 of her memorandum.   Doc. 2 at 13-17.   Again, her
motion and memorandum speak in generalities.   She provides no
specifics as to what she claims Wisely should have done but
failed to do or how his doing anything different from what he did
would have changed the outcome in her case.   Again, specificity
is lacking, as is any evidence that any advice or information
Wisely gave movant on the subject of pleading guilty as opposed
to proceeding to trial, such as her minimum and maximum
sentences, would have caused there to have been a different
outcome.

Moreover, there is affirmative evidence that disputes
movant's conclusory claims on this subject.   Wisely's affidavit
directly contradicts movant's conclusory allegations.   He stated
in his affidavit that:

        While on release and prior to Lindsey's guilty
    plea, I personally met with Lindsey on multiple
    occasions.   I explained to Lindsey the criminal

                               12

allegations against her and the possible penalty for
being found guilty of the allegations considering the
statutory minimum and maximum and all possible
adjustments pursuant to the federal sentencing
guidelines.  Among the adjustments discussed with
Lindsey was a "safety-valve" adjustment under USSG
5C1.2.   I obtained and reviewed both individually and
together with Lindsey all of the government's evidence.

Doc. 8, Aff. at 1.

Wisely informed in his affidavit that after the court

rejected the plea agreement that Wisely diligently had negotiated

for her, movant advised him "that she wished to enter a guilty

plea to the original indictment rather than to proceed to trial."

Id.

The transcript of the April 27, 2012 rearraignment

proceeding discloses that movant testified under oath at that

proceeding that she understood the important factors that entered

into her decision to plead guilty.  Tr. of April 27, 2012 Hr'g

(Case No. 4:12-CR-045-A, Doc. 243).  She swore that she read the

factual resume, understood exactly what it said, and discussed

with Wisely the legal meaning of its contents before she signed

it.  Id. at 13-14.  She understood the things the government

would have to prove to cause her to be convicted if she persisted

in her plea of not guilty.  Id. at 14-15.  She understood the

penalties she was subjecting herself to by a plea of guilty.  Id.

at 15-16.  She understood that if she pleaded guilty, and if that

plea were to be accepted by the court, she would be adjudged

13

guilty of the offense charged by the indictment, and that her

punishment would be assessed somewhere within the range of

punishment provided by statute and her sentence would be within

the range provided by statute.  Id. at 17.  The stipulated facts

in the factual resume were read aloud, and movant swore that they

were true.  Id. at 18-19.

Movant has failed to provide the court any evidence in

support of the feature of her motion now under discussion.

Therefore, the court concludes that such feature is without

merit.

4.   Movant's Complaint That Wisely Failed to Attempt to
     Negotiate a Favorable Plea Agreement

Movant elaborates on her plea-agreement contention at pages

18-19 of her memorandum.  Doc. 2 at 18-19.  Wisely's affidavit

and the record of Case No. 4:12-CR-045-A show just the opposite

of what movant contends in her ineffective-assistance claim that

Wisely did not attempt to negotiate a favorable plea agreement.

He did, in fact, negotiate a favorable plea agreement, which the

court rejected.  Supra at 2-4.  The decision after the plea

agreement was rejected to enter a plea of guilty to the offense

charged by the indictment was strictly hers.  Doc. 8, Aff. at 1

(stating "[a]fter the court had rejected the plea agreement and

ordered that Lindsey's case proceed to trial, Lindsey advised me

that she wished to enter a guilty plea to the original indictment

14

rather than to proceed to trial").  This feature of movant's
ineffective-assistance claim lacks merit.

### 5.  Movant's Contention Related to Alleged Sentencing Errors

Movant elaborates on her ineffective-assistance-at-the-
sentencing-stage feature of her motion at pages 19-21 of her
memorandum.  The Fifth Circuit has already determined that
movant's sentence did not suffer from procedural error and was
not substantially unreasonable.  See Montelongo, 537 F. App'x at
380-81.  Her attempt to re-litigate those issues under the guise
of ineffective-assistance-of-counsel is inappropriate.  See
United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)("it is
settled in this circuit that issues raised and disposed of in a
previous appeal from an original judgment of conviction are not
considered in § 2255 Motions"); see also, Moore v. United States,
598 F.2d 439, 441 (5th Cir. 1979)("[t]he appellate process does
not permit reruns" by way of renewing claims resolved on direct
appeal through collateral attack).

Movant has failed to identify specific acts or omissions by
Wisely that would overcome the strong presumption that he
performed effectively.  Moreover, she fails to recognize that
Wisely did challenge the importation enhancement, and he
submitted a detailed sentencing memorandum asking for a below-
guideline sentence.  See Objections to Addendum to PSR at 1-2,

§ II (Case No. 4:12-CR-045-A, Doc. 126); Sentencing Mem. at 5-6 (Case No. 4:12-CR-045-A, Doc. 151).

Moreover, movant has provided no evidence that if Wisely had done anything differently from what he did at the sentencing stage the outcome of her case would have been any different.   Her complaints relative to Wisely's assistance at the sentencing stage lack merit.

V.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 6, 2015.

JOHN McBRYDE
United States District Judge

16